P. & D. MANUFACTURING COMPANY, INC., PETITIONER, v. HAROLD E. BARNES, RESPONDENT.

Submitted January 18, 1938—Decided May 4, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the rule, *Lionel P. Kristeller* (*Saul J. Zucker*, of counsel).

*Contra, Joseph J. Corn.*

The opinion of the court was delivered by

HEHER, J. The initial and fundamental point of inquiry is whether *certiorari* may be invoked to review an order made by Circuit Court Judge William A. Smith, sitting as a Supreme Court commissioner, granting to the plaintiff, prior to the trial of an issue joined in an action at law in this court, permission "to inspect and make a copy of the books, papers or documents in defendant's possession or under its control, relating to the second count of plaintiff's complaint." By that count, the plaintiff seeks a common law accounting of the defendant's sales of manufactured devices and of money due under a royalty agreement between them.

The action was instituted under the Attachment act of 1901 (*Comp. Stat.* 1910, *p.* 133; *Rev. Stat.* 1937, 2:42-5); and the order is assailed as in aid of a claim for "unliquidated damages not cognizable in a suit instituted by attachment," based upon "an oral contract unenforceable under the statute of frauds," and as having been entered without compliance "with the statutory provisions relating to inspection" and "the rules and practices of this court." It is said that, "until respondent's rights under such alleged contract have been definitely fixed, respondent should not be permitted to pry into petitioner's confidential records."

Rule 94 of this court invests the Circuit Court judges, sitting as commissioners of this court, with authority to "make such order as the court might make and as may be just, * * * subject to an appeal after final judgment," in relation, among other things, to "discovery of and inspection of books, papers and other documents." The jurisdiction of courts of law to grant such discovery, as a means of enforcing disclosure of facts within the adversary party's knowledge or possession to aid in the determination of the issue framed, is derived from sections 142 and 143 of the Practice act of 1903. *Comp.*

*Stat.* 1910, *pp.* 4048, 4098; *Rev. Stat.* 1937, 2:27-169, 170, 171. At common law, the adversary party in a jury trial was not compellable to be a witness (*Wigmore on Evidence* (*2d ed.*) §§ 1847, 1856a, 2217); and discovery of evidence in aid of the prosecution or defense of a suit at law could only be had in equity. And so it is the insistence of petitioner herein—the defendant in the action at law—that, the order having been "made by the Circuit Judge in the exercise of a purely statutory power," the principle declared in *Eder* v. *Hudson County Circuit Court,* 104 *N. J. L.* 260, governs.

But counsel plainly misconceives the limitation of that case. True, the holding was that *certiorari* will lie to review the exercise of a statutory power by a Supreme Court justice or a Circuit Court judge, "not according to the course of the common law." Yet, as was pointed out by Mr. Justice Kalisch, "the mere enlargement or extension of the judicial powers of the court does not make the exercise of such powers subject to review, by *certiorari.*" Applying that principle to chapter 120 of the laws of 1925, as amended by chapter 170 of the laws of 1934 (*Pamph. L.* 1925, *p.* 341; *Pamph. L.* 1934, *p.* 413; *Rev. Stat.* 1937, 2:8-44, 45), prescribing the procedure for the removal of a cause from the District Court to the Circuit Court, and requiring an order to be made by the Circuit Court judge transferring the cause, he ruled that it "merely enlarged the scope of our Practice Act," and "did not operate to constitute the act of the Circuit Court judge the act of a special tribunal whose acts are reviewable by writs of *certiorari,*" and therefore error in the making of such an order was "judicial error," reviewable only on appeal after final judgment. See, also, *Taylor Provision Co.* v. *Adams Express Co.,* 72 *N. J. L.* 220; *Five Mile Beach Lumber Co.* v. *Friday,* 75 *Id.* 175; *Neubauer* v. *McCutcheon,* 98 *Id.* 94; *Goodman Warehouse Corp.* v. *Mayor, &c., of Jersey City,* 102 *Id.* 294.

By the cited sections of the Practice Act, the legislature "provided that an old right may be asserted in another tribunal." *Eaton Axle and Spring Co.* v. *Breeze Corp., Inc.,* 10 *N. J. Mis. R.* 1100; *affirmed,* 111 *N. J. L.* 282. They

constitute but an enlargement of the judicial power conferred or declared by that enactment; and the exercise of the authority thus given, so far as it may be claimed to prejudice the rights of the complaining party with regard to the determination of the issue, is therefore reviewable on appeal after final judgment only, and not by *certiorari* before or after. It is to be observed that, as regards the issue joined in the particular civil cause, such an order of itself can rarely, if ever, impair the substantial rights of the party to whom it is directed, for the admissibility of the evidence so procured is still a question to be determined at the trial. But, however this may be, the exercise of the statutory power rests in sound legal discretion—guided by the reason and spirit of the law, as distinguished from arbitrary action; and the proceeding will not be disturbed unless in the particular circumstances there has been an abuse of the authority. *Eaton Axle and Spring Co.* v. *Breeze Corp., Inc., supra.*

There is no occasion to determine whether a clear abuse of this discretionary judicial power, likely to cause irreparable injury in matters not related to the issue, is remediable on *certiorari* before final judgment. The order under review does not transcend the requirements of the situation. There is no suggestion that it is so broad as to lend itself to abuse, or that it was conceived in *mala fides* with a view of oppressive use of the authority so bestowed. The contention that the plaintiff should not be allowed "to pry into" the defendant's "confidential" though relevant and material "records" until the specified issues framed by the pleadings shall have been adjudicated is manifestly frivolous. It runs counter to the first principles of procedural order and expedition.

The rule is accordingly discharged, with costs. And petitioner's alternative motion that "the pleadings * * * be moulded, looking to the entry of a final judgment from which an appeal can be promptly taken," is denied.